UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.06-22521-CV-O'SULLIVAN

JAMELIA BARNETT, individually and as           **CONSENT CASE**
Personal Representative of the Estate of
LILA ASHLEY BARNETT, deceased.

     Plaintiff,

vs.

CARNIVAL CORPORATION,
RAHAL MONTHER, and
DEBRA FERRIS-REYNOLDS,

     Defendants.
_____/

## PRIVACY ACT ORDER

Defendant has sought in discovery information from Federal Bureau of Investigation ("FBI") which may be encompassed by the Privacy Act of 1974, 5 U.S.C. § 552a. In order to permit Defendant to obtain this information, without making this information public and thus undermining the legislative purpose of the Privacy Act, it is hereby ORDERED,

Pursuant to 5 U.S.C. § 522(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, that whenever counsel for the FBI may reveal, or has revealed, information which may be within the scope of the provisions of the Privacy Act, the following procedures shall be followed:

1.    Counsel for the FBI shall designate the information as subject to this Order.

2.    The rights of access to all materials designated as subject to this Order shall be limited to counsel for the parties, paralegals in their employ, and any other person mutually authorized in advance of disclosure by all counsel to examine such materials.

CASE NO. 06-22521-CV-GRAHAM/O'SULLIVAN

3.      Counsel(s) for the party(ies) to whom this information is provided by means of this Order are responsible to maintain and protect this information under the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a, and are subject to the civil and criminal penalties for violations thereof as set forth in that statute.

4.      Parties to the action and witnesses may examine designated materials while testifying or assisting counsel during discovery or trial preparation but will not be permitted to possess such materials or copies thereof.

5.      No person having access to materials so designated in paragraph two, above, shall disclose said materials to any person without further Order of the Court or stipulation by the parties.

6.      Witnesses and parties will be required to sign an affidavit setting forth their promise and agreement not to discuss the content of any materials designated as subject to this Order, except while testifying or assisting counsel as set forth in paragraph four above.

7.      All designated materials filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, a brief description of the contents of such sealed envelope or other sealed container, the words "under seal" and a statement substantially in the following form:

" This envelope [or sealed container], contains documents which are filed in the case by [name of party] and is not to be opened except by Order of the Court."

CASE NO. 06-22521-CV-GRAHAM/O'SULLIVAN

8.      Any specific part or parts of the restrictions imposed by paragraphs one through seven may be terminated at any time by a letter from counsel for the FBI to the Defendant or by an Order of this Court for good cause shown.

9.      All documents designated as subject to this Order shall be returned to the FBI within thirty days of a final judgment.

This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, save the Privacy Act of 1974.

DONE AND ORDERED in Chambers at Miami, Florida this **5th** day of January, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record

-3-