UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22521-CIV-O'SULLIVAN
[CONSENT]

JAMELIA BARNETT, individually and
as personal representative of the
Estate of LILA ASHLEY BARNETT,
deceased,

    Plaintiff,

v.

CARNIVAL CORPORATION, RAHAL
MONTHER and DEBRA FERRIS-REYNOLDS,

    Defendants.
_____/

**ORDER**

THIS MATTER comes before the Court on the Defendants Rahal Monther and Debra Ferris-Reynolds'[1] Motion to Quash Service of Process and/or Motion to Dismiss (DE # 9, 11/1/06) and Plaintiff's Incorporated Motion for Leave to Amend (DE# 74, 5/3/07).  Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Defendants Rahal Monther and Debra Ferris-Reynolds' Motion to Quash Service of Process and/or Motion to Dismiss (DE # 9, 11/1/06) is GRANTED in part and DENIED in part.   The Defendants Rahal Monther and Debra Ferris-Reynolds' Motion to Quash Service of Process (DE # 9, 11/1/06)  is

---

[1]The defendant Debra Ferris-Reynolds previously was dismissed without prejudice as an individual party-defendant pursuant to an Order on Joint Stipulation for Dismissal (DE# 67, 4/23/07).  At his deposition, the defendant Rahal Monther abandoned his motion to quash service of process when he stipulated to having accepted service of process in this case. (Monther Depo. at 21-22, Ex. 1 to DE # 74, 5/3/07).

DENIED as moot.  The defendant Rahal Monther, the ship doctor, (hereinafter "Dr. Monther") seeks dismissal on the ground that the Court lacks personal jurisdiction because the alleged medical malpractice did not occur within the territorial waters of Florida.  Additionally, Dr. Monther argues that Florida's long arm statute and the due process clause of the Fourteenth Amendment of the United States Constitution do not confer personal jurisdiction over him.  (DE# 75, 5/14/07).  The Court agrees that it lacks personal jurisdiction.  As more fully analyzed below, the defendant Rahal Monther's Motion to Dismiss (DE # 9, 11/1/06) is GRANTED.  Because any amendment to allege grounds to assert personal jurisdiction based on the facts of this case, as they are now known, would be futile, the Plaintiff's Incorporated Motion for Leave to Amend (DE# 74, 5/3/07) is DENIED without prejudice to renew.

## ANALYSIS

I.     Two Prong Analysis for Personal Jurisdiction over Non-resident Ship Doctor

To determine whether this Court has personal jurisdiction over the defendant ship doctor, the Court must undertake a two-part analysis.  Sculptchair v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996); Slaihem v. Sea Tow Bahamas, Ltd., 148 F. Supp. 1343, 1349 (S.D. Fla. 2001).  The Eleventh Circuit explained

> First, [the Court] must determine whether the Florida long-arm statute provides a basis for personal jurisdiction.  If so, then [the Court] must determine whether sufficient minimum contacts exist between the defendant[ ] and [Florida] so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment.

Sculptchair, 94 F.3d at 626 (citing Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 256

2

(11th Cir. 1996) (quoting <u>International Shoe v. Washington</u>, 326 U.S. 310, 316 (1945) (quotation omitted)).  Both prongs must be satisfied for personal jurisdiction to exist.

The plaintiff argues that this Court has personal jurisdiction over the ship doctor on the following grounds: 1) Florida's long arm statute regarding insuring any person, property, or risk located within Florida at the time of contracting (Fla. Stat. § 48.193(1)(d)); 2) Florida's long arm statute regarding a defendant who is carrying on a business or business venture in Florida (Fla. Stat. § 48.193(1)(a)) or is engaged in substantial and not isolated activity within Florida, whether such activity is wholly interstate, intrastate, or otherwise, ... whether or not the claim arises from that activity (Fla. Stat. § 48.193(2)); and 3) the forum selection clauses contained in the contract between Carnival Corporation and Dr. Monther as well as the passenger ticket.

Florida's long arm statute provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>     (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>     ...
>     (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. §§ 48.193(1)(a), (1)(d), (2).

3

The plaintiff bears the burden of proof of establishing that the Court has personal jurisdiction over Dr. Monther.  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

      A.      <u>Dr. Monther Does Not Have Sufficient Minimum Contacts with Florida</u>.

The plaintiff fails to show that Dr. Monther had sufficient minimum contacts with Florida so that maintenance of the suit against him "would not offend traditional notions of fair play and substantial justice."  Meyer v. Auto Club Ins. Ass'n, 492 So. 2d 1314 (Fla. 1986) (quoting International Shoe v. Washington, 326 U.S. 310, 316 (1945)).

It is undisputed that the medical care that forms the basis of the plaintiff's claims against Dr. Monther occurred outside the territorial boundaries of Florida.  This Court is persuaded by the analysis in Laux v. Carnival Corporation, 470 F. Supp. 1379, 1382 (S.D. Fla. 2007).  In Laux, the district court applied relevant Florida case law and explained:

> Whether personal jurisdiction exists over a foreign physician practicing medicine on a cruise ship is a highly debated topic in the United States. Florida case law, however, is clear: Florida courts only have personal jurisdiction over a ship's doctor if the alleged malpractice occurred inside Florida's territorial boundaries.

Id. (citing Elmund v. Mottershead, 750 So. 2d 736 (Fla. 3d DCA 2000); Rana v. Flynn, 832 So. 2d 302 (Fla. 3d DCA 2002); Benson v. Norwegian Cruise Line, Ltd., 859 So. 2d 1213 (Fla. 3d DCA 2003)).  Unlike Laux,[2] it is undisputed that the only medical treatment provided by the defendant ship doctor occurred in Ensenada, Mexico.  Because the plaintiff cannot establish the minimum contacts necessary to comport with

---

[2] In Laux, the non-resident defendant served as the ship doctor on a ship that regularly ported in and out of Miami, Florida.

due process, this Court lacks personal jurisdiction over Dr. Monther and dismissal is warranted. Additionally, the plaintiff has failed to carry its burden to establish personal jurisdiction over the ship doctor based on one of the enumerated grounds of Florida's long arm statute or, alternatively, the forum selection clauses contained in the Independent Contractor Agreement between Carnival Corporation and Dr. Monther and the passenger ticket between the plaintiff and Carnival Corporation.

     B.    <u>The Insurance Provision of the Long Arm Statute Does Not Confer Personal Jurisdiction over the Ship Doctor</u>

The plaintiff's reliance on Sub-section 48.193(1)(d) to confer personal jurisdiction on the non-resident ship doctor is misplaced. Florida's long arm statute confers personal jurisdiction over non-residents who "insure any person, property, or risk located [in Florida] at the time of contracting." Fla. Stat. 48.193(1)(d); see <u>Meyer v. Auto Club Ins. Ass'n</u>, 492 So. 2d 1314 (Fla. 1986). For the insurance sub-section of Florida's long arm statute to apply, this Court would be required to find that Dr. Monther purposefully availed himself of the subject forum by agreeing to indemnify Carnival Corporation for foreseeable risks in Florida. In <u>World-Wide Volkswagon Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980), the Supreme Court explained that

> [t]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

The Independent Contractor Agreement reveals that the risk insured was for the performance of Dr. Monther's duties as ship doctor on a ship that sails out of California and Mexico – not anywhere near Florida. The plaintiff has failed to meet its burden of

5

showing that Dr. Monther agreed to insure something or someone in Florida at the time that he executed the Independent Contractor Agreement with Carnival Corporation.

### C. The Joint Venture Provision of Florida's Long Arm Statute Does Not Confer Personal Jurisdiction over the Ship Doctor

The plaintiff argues that Florida's long arm statute regarding a defendant who is carrying on a business or business venture in Florida (Fla. Stat. § 48.193(1)(a)) confers personal jurisdiction because Dr. Monther's relationship with Carnival Corporation "is akin to an employer/employee relationship or a joint venture relationship, thereby imputing Carnival's association with Florida on Dr. Rahal."  (Pl.'s Resp. at 8-9) (DE# 74, 5/3/07).  The plaintiff argues that the degree of control exercised by Carnival Corporation over its doctors creates an employer/employee relationship or joint venture and imputes Carnival Corporation's contacts with Florida to Dr. Rahal.

In Carnival Corporation v. Carlisle, 953 So. 2d 461 (Fla. 2007), the Supreme Court of Florida held that a cruise line is not vicariously liable for the medical malpractice of the shipboard doctor committed on a ship's passenger on the high seas. The Carlisle court found that the allegations "f[ell] within the purview of federal admiralty jurisdiction."  Id. at p. 4 (citations omitted).  Having reviewed the case law on the issue of vicarious liability and citing a "long line of precedent reciting that a ship owner may not be held vicariously liable for the medical negligence of its shipboard doctor," the Supreme Court of Florida concluded that "federal maritime law uniformly [holds] that a ship owner is not vicariously liable for the medical negligence of the shipboard physician." Id.

6

In light of the long-standing principle of uniformity in federal maritime law and the Supreme Court of Florida's thorough review and exposition of the existing case law on this question, a joint venture between Carnival and Dr. Rahal does not exist. Subsection § 48.193(1)(a) of Florida's long arm statute does not confer personal jurisdiction over Dr. Rahal.

## II. The Forum Selection Clause Does Not Confer Personal Jurisdiction over the Ship Doctor

The plaintiff claims that the forum selection clause contained in the Independent Contractor Agreement combined with the forum selection clause contained in the passenger ticket confers personal jurisdiction over Dr. Monther. Paragraph 16 of the Independent Contractor Agreement provides in pertinent part "this Agreement shall be governed under the laws of Florida. Venue for all disputes shall be in Miami Dade County, Florida." The forum selection clause applies to disputes between Dr. Monther and Carnival Corporation relating to their Agreement. The forum selection clause in the Independent Contractor Agreement between Carnival Corporation and Dr. Monther does not constitute a waiver of personal jurisdiction challenges by Dr. Monther for the tort claims presented by the plaintiff in this action. By its terms, Dr. Monther did not voluntarily consent to suit in Miami Dade County by anyone other than Carnival Corporation. The forum selection clause contained in the passenger ticket governs disputes between the passenger and Carnival Corporation. Dr. Monther is not a party to the passenger ticket and cannot be said to have voluntarily submitted to the jurisdiction of Florida courts by virtue of the forum selection clause in the Independent

Contractor Agreement.

Under Florida law, "a forum selection clause is not a sufficient basis for a conferral of personal jurisdiction unless there is an independent basis for personal jurisdiction under [Florida's long arm statute]." See Slaihem v. Sea Tow Bahamas Ltd., 148 F. Supp. 2d 1343, 1348 (S.D. Fla. 2001); Alexander Proudfoot Co. World Headquarters v. Thayer, 877 F.2d 912, 919 (11th Cir. 1989) (citing McRae v. J.D./M.D. Inc., 511 So. 2d 540 (Fla. 1987)).  Federal law, not state law, governs the enforceability of forum selection clauses in admiralty cases. Slaihem, 148 F. Supp. 2d at 1348 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991)).  As the plaintiff in this action is not a signatory to the Independent Contractor Agreement, the plaintiff cannot use the forum selection clause therein to confer personal jurisdiction over Dr. Monther. See, Slaihem, 148 F. Supp. 2d at 1348.  Dr. Monther's contractual consent to litigate disputes with Carnival Corporation regarding their Independent Contractor Agreement cannot be expanded to include consent to litigate disputes with the plaintiff or any other third parties with whom he did not contract to expressly waive any of his rights regarding personal jurisdiction vis-a-vis such third parties.  The forum selection clause does not confer personal jurisdiction over Dr. Monther for the plaintiff's claims against him in this action.

The plaintiff argues that the forum selection clause contained in the passenger ticket which also requires disputes between passengers and Carnival Corporation to be litigated in Miami Dade County Florida extends to claims against the ship doctor. Plaintiff's reliance on Athanassiadis v. National Car Rental System, Inc., 699 So. 2d

330, 332 (Fla. 5th DCA 1997), is misplaced.

In Athanassiadis, the non-resident defendant entered into a car rental agreement in Florida, which enabled him to rent a car and travel within Florida. The non-resident defendant agreed to indemnify the car rental company for his negligence. He was involved in a car accident in Florida that caused injury to another driver. The court determined that it had personal jurisdiction over the non-resident defendant in the indemnity action brought by the car rental company. The court explained that if the non-resident defendant could reasonably anticipate being haled into a Florida court by the other injured driver (i.e. because he committed a tort within Florida), the same is true for the indemnification action by the car rental company.

Unlike Athanassiadis, in the present action, no tort was committed in Florida or within its territorial boundaries and the requisite minimum contacts do not exist. The Athanassiadis decision does not discuss whether the rental agreement contained a forum selection clause. Instead, personal jurisdiction existed because a tort was committed in Florida and minimum contacts were satisfied. The Athanassiadis decision is inapposite. Neither the indemnification provision nor the forum selection clause in the Independent Contractor Agreement between Carnival Corporation and Dr. Monther confer personal jurisdiction over Dr. Monther for the alleged medical malpractice committed in Mexico.

## CONCLUSION

Because the alleged medical malpractice of the ship doctor occurred outside the territorial boundaries of Florida; the forum selection clause does not apply to the

9

plaintiff's claims; and the alleged acts do not fall within one of the enumerated bases to confer personal jurisdiction under Florida's long arm statute, this Court lacks personal jurisdiction over Dr. Monther.  The defendant's Motion to Dismiss is GRANTED.  The defendant, Rahal Monther, is DISMISSED.

      DONE AND ORDERED, in Chambers, at Miami, Florida, this <u>23rd</u> day of May, 2007.

                                                                                            _____
                                                                                           JOHN J. O'SULLIVAN
                                                                                           UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record