UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22521-CIV-O'SULLIVAN

JAMELIA BARNETT, individually and
as personal representative of the
Estate of LILA ASHLEY BARNETT,
deceased,

    Plaintiff,

v.

CARNIVAL CORPORATION, RAHAL
MONTHER and DEBRA FERRIS-REYNOLDS,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Defendant, Carnival Corporation's Motion to Dismiss and Incorporated Memorandum of Law, and in the Alternative, Motion to Strike Specific Portions of the Plaintiff's Complaint and Motion for a More Definite Statement (DE# 23, 12/4/06). Having reviewed the parties' filings, having carefully considered the applicable law, and having heard oral argument from the parties on April 30, 2007, it is

ORDERED AND ADJUDGED that the Defendant, Carnival Corporation's Motion to Dismiss and Incorporated Memorandum of Law, and in the Alternative, Motion to Strike Specific Portions of the Plaintiff's Complaint and Motion for a More Definite Statement is GRANTED in part as set forth below.

## BACKGROUND

This action arises out of the events surrounding the death of a Carnival

passenger on October 15, 2005, on board the vessel Paradise on a chartered voyage that departed from Southern California with a destination of Ensenada, Mexico. The plaintiff individually and as the personal representative of the estate of Lila Ashley Barnett filed her Wrongful Death Complaint and Request for Trial by Jury against Carnival Corporation, Rahal Monther and Debra Ferris-Reynolds. (DE# 1, 10/12/06).

Seven of the nine counts in the Complaint are against Carnival Corporation for its failure to provide competent medical care to its passenger. The Court previously dismissed the ship doctor, Rahal Monther, for lack of personal jurisdiction. (DE# 79, 5/23/07). The parties previously stipulated to the dismissal without prejudice of the nurse, Debra Ferris-Reynolds, as an individual defendant. (DE# 67, 4/23/07). Counts IV and V, which asserted claims for negligence against the ship doctor and ship nurse, respectively, are not at issue in this motion to dismiss. The defendant withdrew its motion to dismiss regarding Count VI (Apparent Agency).

Six of the nine counts are the subject of the defendant, Carnival Corporation's Motion to Dismiss and Incorporated Memorandum of Law, and in the Alternative, Motion to Strike Specific Portions of the Plaintiff's Complaint and Motion for a More Definite Statement (DE# 23, 12/4/06). Those counts allege Death on the High Seas Act (Counts I and II), negligence (Count III), breach of contract (Count VII), joint venture (Count VIII) and third party beneficiary (Count IX).

On April 30, 2007, the Court heard oral argument from the parties.

## ANALYSIS

I.       Standard of Review

A motion to dismiss a complaint should not be granted unless it appears "beyond

2

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986).  In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff.  Id. (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)).  The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds* by Davis v. Scheuer, 468 U.S. 183 (1984); Taylor v. Ledbetter, 818 F.2d 791, 794 n.4 (11th Cir. 1987), cert. denied, 489 U.S. 1065 (1989).

II.   The Motions to Dismiss, Strike or Alternatively for More Definite
      Statement Regarding Counts I, II and III Are Granted in Part

The defendant's motions to dismiss, strike, or alternative motion for more definite statement as to Counts I (Death on the High Seas Act § 761), Count II (Death on the High Seas Act § 764), and Count III (Negligence) are GRANTED in part.  The Death on the High Seas Act, 46 U.S.C. §§ 761-768, (hereinafter "DOHSA"), is a jurisdictional federal statute that allows a representative of anyone who perishes on the high seas to bring a cause of action against a defendant for "a theory of recovery cognizable by a court sitting in admiralty jurisdiction."  Best v. Honeywell, Inc., 491 F. Supp. 269, 270 (D. Conn. 1980) ("DOHSA merely authorizes an admiralty action...."); see Complaint of American Dredging Co., 873 F. Supp. 1539,1546 (S.D. Fla. 1994) ("DOHSA does not

distinguish between legal theories under which a claimant might sue.").

Counts I, II and III essentially seek damages for negligence under admiralty law or, alternatively, Panamanian law pursuant to DOHSA. Foreign law is a fact that must be pleaded and proved. Black Diamond S.S. Corp. v. Robert Stewart & Sons, 336 U.S. 386, 397 (1949); Stone v. Wall, 135 F.3d 1438 (11th Cir. 1998). Because the class of claimants entitled to recover damages is different under admiralty law and Panamanian law, the amended counts should reflect such differences. Counts I, II and III should be re-alleged as two counts, one seeking admiralty damages and one seeking damages under foreign law.

Non-pecuniary damages are prohibited under Sections 762(b)(1) and 764 of DOHSA. See Zicherman v. Korean Air Lines Co., Ltd., 516 U.S. 217 (1996)(DOHSA permits only pecuniary damages); Perkins v. Ottershaw Investments Ltd., 2005 WL 3273747 (S.D. Fla. 2005) (dismissing plaintiff's claims for non-pecuniary damages). The plaintiff alleges that Panamanian law applies and provides a broader class of claimants as well as recovery of non-pecuniary damages. The defendant's motion to strike allegations of non-pecuniary damages for wrongful death and negligence under United States admiralty law is GRANTED.[1]

The complaint improperly incorporates all prior allegations in each of the succeeding counts. The defendant's motion to dismiss, and alternative motion for more

---

[1] The Court does not now decide whether Panamanian law applies. DOHSA is the exclusive remedy for wrongful death claims on the high seas and limits damages to pecuniary damages only. Whether the plaintiff can successfully allege a survival claim under Panamanian law that provides a broader class of claimants and includes recovery of non-pecuniary damages will be determined at a later time.

definite statement on this ground ARE GRANTED.  The plaintiff should re-allege separate and distinct causes of actions in the counts without incorporating all prior allegations.  The plaintiff may incorporate specific paragraphs that relate to the distinct cause of action.

### III.     The Defendant's Motion to Dismiss Count VI (Apparent Agency) Is Denied as Moot

The motion to dismiss Count VI (Apparent Agency) is DENIED as moot because the defendant withdrew its motion to dismiss on the ground that the claim based on apparent agency presents issues that are more appropriately resolved on a motion for summary judgment.

### IV.    Count VII (Breach of Contract) Is Dismissed

In Count VII, the plaintiff attempts to state a cause of action for breach of contract for the cruise line's failure to provide competent medical care.  The plaintiff alleges that "Carnival Corporation's agreement and undertaking to provide medical services to its passengers in return for a fee for those services created a contract between Carnival Corporation and the passengers who received medical services and in return paid a fee to Carnival Corporation for those services."  Pl.'s Complaint ¶ 59.  The plaintiff further alleges that "Carnival Corporation is liable for any negligent conduct on the part of Defendant's Ship Doctor ..., regardless of whether Defendant Ship Doctor ... is an independent contractor, agent of Carnival Corporation, or apparent agent of Carnival Corporation." Pl.'s Complaint ¶ 60.

The defendant moves to dismiss the plaintiff's breach of contract claim on the ground that it is not legally supportable.  It is well established that "[a] breach of the

5

carrier's duty is a 'maritime tort.'" Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984) (quoting Williamette Valley, 71 F. 712, 714-15 (D.C. Cal. 1896)) (other citation omitted). "A carrier by sea, however, is not liable to its passengers as an insurer, but only for its negligence." Id. (citing Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959)) (other citations omitted). The plaintiff maintains that the contract at issue is not the contract of carriage but rather the implied contract of providing competent medical care.

Similarly to the plaintiff in the present action, the plaintiff in Doonan v. Carnival Corporation, 404 F. Supp. 2d 1367, 1373 (S.D. Fla. 2005), alleged an "implied contract was created between Carnival and its passengers when Carnival 'agree[d] and under[took] to provide medical services to its passengers in return for a fee for those services." The Doonan court dismissed the breach of contract claim and explained that "maritime law will not support a passenger's breach of contract claim unless there is an express provision in the contract of carriage guaranteeing safe passage." Id. at 1373.

Likewise, Count VII of the plaintiff's complaint fails to state a cause of action for breach of contract against the cruise line. The defendant's motion to dismiss Count VII is GRANTED.

V.     Count VIII (Joint Venture) Is Dismissed

The plaintiff alleges that "[a]t all material times hereto the Defendant[ ] Rahal Monther ... [was a] ... joint venturer ... of the Defendant Carnival Corporation and at all times acted with the course and scope of their ... joint venture ...." Pl. Complaint at ¶ 9. The plaintiff also alleges that "[a]t all material times Carnival Corporation and Defendant Ship Doctor engaged in a joint venture to provide medical services to

6

passengers on board Carnival Corporation's Ship." Pl. Complaint at ¶ 63.  The plaintiff further asserts that "[a]s joint venturers, Carnival Corporation and Defendant Ship Doctor are liable for each other's negligence.  As a result, Carnival Corporation is liable for the negligent conduct of the Ship's Doctor and damages previously described in this complaint."  Pl. Complaint at ¶ 68.   The defendant Carnival argues that, taking all of the plaintiff's well-plead facts as true, the plaintiff cannot state a proper claim for joint venture.  The Court agrees with the defendant.

In Carnival Corporation v. Carlisle, 953 So. 2d 461 (Fla. 2007), the Supreme Court of Florida held that a cruise line is not vicariously liable for the medical malpractice of the shipboard doctor committed on a ship's passenger.  The case, which involved allegations of medical malpractice by a doctor on the high seas, "f[ell] within the purview of federal admiralty jurisdiction." Id. at 463.  The Supreme Court of Florida, having reviewed the case law on the issue of vicarious liability and citing a "long line of precedent reciting that a ship owner may not be held vicariously liable for the medical negligence of its shipboard doctor," concluded that "federal maritime law uniformly [holds] that a ship owner is not vicariously liable for the medical negligence of the shipboard physician." Id. at 469, 470.

In light of the long-standing principle of uniformity in federal maritime law and the Supreme Court of Florida's thorough review and exposition of the existing case law on this question, Count VII alleging a joint venture between Carnival and the ship doctor, Rahal Monther, must be dismissed from the Complaint.  Count VIII cannot be sustained without holding the defendant Carnival Corporation vicariously liable for the alleged negligence of Dr. Monther.  Therefore, the defendant's motion to dismiss Count VIII

(Joint Venture) is GRANTED.

VI.  <u>The Defendant's Motion to Dismiss Count IX (Third Party Beneficiary) Is Denied</u>.

In Count IX of the complaint, the plaintiff alleges "[u]pon information and belief Defendant Carnival provided to the other defendants an indemnity agreement that would cover the claims made in this action." Complaint ¶ 70. She also alleges that the cruise line agreed to indemnify the ship doctor and ship nurse with respect to the claims made in this action. Complaint ¶ 71. Finally, she alleges that the plaintiff "is a third party beneficiary of that indemnity agreement." Complaint ¶ 72. The alleged contract is not attached as an exhibit to the complaint.

The defendant seeks dismissal of the plaintiff's third party beneficiary claim on the ground that it is not properly pleaded. The defendant's reliance upon <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 981 (11th Cir. 2005), is misplaced. In <u>Bochese</u>, the Eleventh Circuit analyzed the standing issue in the context of a motion for summary judgment, not a motion to dismiss. Applying Florida law, the Eleventh Circuit affirmed entry of summary judgment and concluded that the district court properly determined that the plaintiff was not an intended beneficiary and thus, lacked standing.

Unlike <u>Bochese</u>, in the present action, the defendant challenges the third party claim on a motion to dismiss and argues that "[u]nder no conceivable factual scenario would the alleged contracting parties have intended a plaintiff to be a beneficiary of any such agreement." (Def.'s Mot. at 16) The defendant correctly points out that intent, either expressed by the parties, or in the provisions of the contract, is one of the key factors in a third party beneficiary claim. See <u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1283 (11th Cir. 2004) (affirming summary

8

judgment against third party beneficiary claimant and holding that a third party is an intended beneficiary of a contract under Florida law only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party) (citations omitted).

To determine the parties' intent as the defendant suggests necessarily would require the Court to look at matters outside of the complaint. As such, the issue of intent is not appropriate for resolution on a motion to dismiss. See Westinghouse Electric Supply Co. v. Wesley Construction Co., 414 F.2d 1280, 1281-82 (5th Cir. 1969)[2] (reversing the district court's order dismissing a third party beneficiary claim);see also Snow v. DirectTV, Inc., 450 F.3d 1314 1320 (11th Cir. 2006) (examining four corners of the complaint on a motion to dismiss).

"Under Rule 12(b) of the Federal Rules of Civil Procedure when the District Court, as here, considers matters outside the pleadings on a motion to dismiss, the motion must be treated as one for summary judgment." Id. (other citations omitted). As alleged, Count IX puts the defendant on notice of the plaintiff's claim as a third party beneficiary. See Fed. R. Civ. P. 8(a). Because the plaintiff's allegations must be accepted as true on a motion to dismiss, the defendant's motion to dismiss Count IX (Third Party Beneficiary) is DENIED.

## **CONCLUSION**

The Defendant, Carnival Corporation's Motion to Dismiss and Incorporated

---

[2]In Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted the precedent of the former Fifth Circuit as of September 30, 1981, as binding precedent.

Memorandum of Law, and in the Alternative, Motion to Strike Specific Portions of the Plaintiff's Complaint and Motion for a More Definite Statement (DE# 23, 12/4/06) is GRANTED in part as to Counts I (DOHSA), II (DOHSA), III (Negligence), VII (Breach of Contract), and VIII (Joint Venture).  The motion to dismiss Count VI (Apparent Agency) is DENIED as moot.  The motion to dismiss Count IX (Third Party Beneficiary) is DENIED.

In her response to the motion to dismiss, the plaintiff moved for leave to amend her complaint.  The plaintiff's motion for leave to amend is GRANTED except as to Count VII (Breach of Contract) and Count VIII (Joint Venture).  The plaintiff may amend her complaint within twenty (20) days to comply with this Order.

DONE AND ORDERED, in Chambers, at Miami, Florida, this __15th__ day of June, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record